RAMIRO MORALES, SBN 167947
Email: rmorales@mfrlegal.com
SHEILA A. REID, SBN 161180
Email: sreid@mfrlegal.com
MORALES FIERRO & REEVES
2300 Contra Costa Boulevard, Suite 310
Pleasant Hill, California 94523
Telephone: 925.288.1776
Facsimile: 925.288.1856

Attorneys for Plaintiff
Zurich American Insurance Company

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZURICH AMERICAN INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>vs.<br><br>CLAREMONT LIABILITY INSURANCE COMPANY,<br><br>    Defendant. | CASE NO.: **'10 CV 2232 IEG   CAB**<br><br>**COMPLAINT FOR DECLARATORY RELIEF AND CONTRIBUTION** |

Plaintiff hereby declares:

**JURISDICTION AND VENUE**

1.  Plaintiff ZURICH AMERICAN INSURANCE COMPANY is and was, at all times relevant hereto, an entity incorporated under the laws of the State of New York, whose principal place of business is located in the State of Illinois.

2.  Defendant CLAREMONT LIABILITY INSURANCE COMPANY is and was, at all times relevant hereto, an entity incorporated under the laws of the State of California, whose principal place of business is located in the State of California.

3.  This action arises out of an underlying construction defect lawsuit captioned *Abitbol v. Davidson Builders, Inc.*, San Diego County Superior Court Case No. GIC857953 (the

1 "*Abitbol* Action") (consolidated with *Spiegelman v. Davidson Communities, Inc.,* San Diego County Superior Court Case No. GIC 864367) (the "*Spiegelman* Action") (collectively, the "Underlying Actions"). The Underlying Actions involved construction defects which occurred in San Diego, California. Consequently, venue is proper in the Southern District of California.

4. This action involves a claim of damages in excess of Seventy-Five Thousand Dollars ($75,000.00) and is an action between citizens of different states. As such, diversity jurisdiction is appropriate pursuant to 28 U.S.C. § 1332.

## GENERAL ALLEGATIONS

5. This action seeks declaratory relief and contribution based on Defendant's duty to defend and indemnify San Diego Mirror & Window in the Underlying Actions and contribution for Defendant's equitable share of the defense and indemnity of the Underlying Actions.

6. The Underlying Actions arose out of alleged construction defects at eight single family residences at the Meadows Del Mar project in San Diego, California, constructed by Davidson Builders, Inc.

7. On or around March 23, 1999, San Diego Mirror & Window entered into one or more subcontract agreements with Davidson Builders, Inc., to provide and install wood windows and doors at certain of the homes in the Meadows Del Mar project.

8. The homes in the Meadows Del Mar project closed escrow in or around June 23, 2000.

9. On December 7, 2005, a homeowner in the Meadows Del Mar project filed the underlying *Abitbol* Action against Davidson Builders.

10. On April 13, 2006, approximately seven homeowners in the Meadows Del Mar project filed the underlying *Spiegelman* Action against Davidson Builders, Inc.

11. The Underlying Actions allege that the window frames permit water intrusion into the homes, do not close properly and/or are warped, resulting in water intrusion and substantial additional damages, including damage to drywall and surrounding areas, and mold.

12. The Underlying Actions include counts for breach of contract, breach of express and implied warranties, strict liability and negligence.

13. Davidson Builders cross-complained against San Diego Mirror & Windows in the Underlying Actions, alleging counts including indemnity, contribution, negligence, breach of warranties and declaratory relief.

14. San Diego Mirror & Window purchased commercial general liability policy number RM01-21565-00 from Claremont Liability Insurance Company for the period May 9, 2002, to May 9, 2003 (the "Policy").

15. The defense and indemnity of the Underlying Actions was timely tendered on behalf of San Diego Mirror & Window to Claremont under the Policy.

16. Pursuant to the Policy, Claremont was obligated to pay those sums the insured becomes legally obligated to pay as damages because of property damage to which the insurance applies.

17. The insuring agreement of the Policy provides that Claremont has a duty to defend any suit seeking damages because of property damage to which the Policy applies.

18. The Policy applies to property damage caused by an occurrence and which occurs during the policy period.

19. The Underlying Actions allege damages for potentially covered property damage caused by an "occurrence" within the meaning of the Policy, during the period in which the Policy was in effect.

20. Claremont owed a duty to defend San Diego Mirror & Window in the Underlying Action under the Policy.

21. The Underlying Actions seek damages for property damage caused by an "occurrence" within the meaning of the Policy, during the period in which the Policy was in effect.

22. Claremont owed a duty to indemnify San Diego Mirror & Window in the Underlying Action.

23. Claremont accepted the tender of the Underlying Actions by San Diego Mirror & Window and thereby acknowledged its obligation to defend San Diego Mirror & Window under the Policy.

24. Attached as Exhibit A is a true and correct copy of a letter dated October 17, 2006, from George Hills Company, Inc. on behalf of Claremont to San Diego Mirror & Window, advising that Claremont agreed to participate in the defense of San Diego Mirror & Window in the *Abitbol* Action.

25. Claremont initially retained the firm of Marshall & Jansen, who was also retained by plaintiff Zurich, to defend San Diego Mirror & Window in the *Abitbol* Action.

26. Claremont retained the firm of Selman Breitman, its coverage counsel, to defend San Diego Mirror & Window in the *Spiegelman* Action.

27. The Underlying Actions were consolidated in or around July 2007.

28. In or around September 2007, Claremont transferred its defense of San Diego Mirror & Window in the *Abitbol* Action to the Selman Breitman firm.

29. Subsequently, Claremont advised San Diego Mirror & Window that it was changing its coverage position and denying coverage in the Underlying Actions.

30. Claremont withdrew its defense of San Diego Mirror & Window in the Underlying Actions.

31. San Diego Mirror & Window tendered the defense and indemnity of the Underlying Actions to Zurich under commercial general liability policies issued by Zurich.

32. Zurich accepted the tender of the Underlying Actions and agreed to defend and indemnify San Diego Mirror & Window under its policies.

33. Zurich incurred amounts to defend San Diego Mirror & Window in the Underlying Actions in excess of $75,000.

34. Claremont failed to pay its equitable share of the defense of San Diego Mirror & Window in the Underlying Actions.

35. The homeowner/plaintiffs in the Underlying Actions claimed damages relating to the work of San Diego Mirror & Window of approximately $3,000,000.

36. The claims against San Diego Mirror & Window in the Underlying Action were settled for $400,000, of which Zurich contributed $128,120.

37. Claremont failed to pay amounts to indemnify San Diego Mirror & Window for liability in connection with the Underlying Actions.

38. The amount due from Claremont for its equitable share of the defense and indemnity of San Diego Mirror & Window in the Underlying Actions paid by Zurich is in excess of $75,000.

## FIRST CAUSE OF ACTION
**(Declaratory Relief – Duty to Defend)**

39. Plaintiff incorporates by reference as though fully set forth herein the allegations in all of the preceding paragraphs.

40. Plaintiff contends, pursuant to the Policy as well as equitable principles, that Claremont has a primary duty to defend San Diego Mirror & Window in the Underlying Actions.

41. Claremont has not paid its equitable share of the defense of San Diego Mirror & Window in the Underlying Actions.

42. By reason of the foregoing, an actual controversy exists between Plaintiff and Claremont which requires a declaratory judgment of this Court in substantially the following form: Claremont owed a duty to defend San Diego Mirror & Window in the Underlying Actions.

43. A judicial determination of this controversy is necessary and appropriate in order for the parties to ascertain their rights, duties and obligations under the insurance policies.

WHEREFORE, Plaintiff prays for judgment against Defendant as hereinafter set forth.

## SECOND CAUSE OF ACTION
**(Contribution – Duty to Defend)**

44. Plaintiff incorporates by reference as though fully set forth herein the allegations in all of the preceding paragraphs.

45. Claremont has an obligation to contribute to the defense of San Diego Mirror & Window on an equitable basis towards all fees, costs and expenses incurred to defend San Diego Mirror & Window in the Underlying Actions under the Policy.

46. In providing a defense to San Diego Mirror & Window in the Underlying Actions, Plaintiff has incurred attorneys fees and costs in excess of its equitable share.

47. In contrast, Claremont has failed to contribute its fair and equitable share toward the fees and costs that have been incurred in defending San Diego Mirror & Window in the Underlying Actions.

48. Claremont is obligated, under principles of equity, to reimburse Plaintiff for the fees and costs that Plaintiff has inequitably incurred in providing a defense to San Diego Mirror & Window in the Underlying Actions.

WHEREFORE, Plaintiff prays for judgment against Defendant as hereinafter set forth.

## THIRD CAUSE OF ACTION
(Declaratory Relief – Duty to Indemnify)

49. Plaintiff incorporates by reference as though fully set forth herein the allegations in all of the preceding paragraphs.

50. Plaintiff contends, pursuant to the Policy as well as equitable principles, that Claremont has a primary duty to indemnify San Diego Mirror & Window in the Underlying Actions.

51. Claremont has paid nothing toward the settlement of San Diego Mirror & Window in the Underlying Actions. Therefore, Claremont owes amounts in contribution for the indemnity payments made by Plaintiff to settle the claims against San Diego Mirror & Window in the Underlying Actions.

52. By reason of the foregoing, an actual controversy exists between Plaintiff and Claremont which requires a declaratory judgment of this Court in substantially the following form: Claremont owed a duty to indemnify San Diego Mirror & Window in the Underlying Actions.

53. A judicial determination of this controversy is necessary and appropriate in order for the parties to ascertain their rights, duties and obligations under the insurance policies.

WHEREFORE, Plaintiff prays for judgment against Defendant as hereinafter set forth.

## FOURTH CAUSE OF ACTION
(Contribution – Duty to Indemnify)

54. Plaintiff incorporates by reference as though fully set forth herein the allegations in all of the preceding paragraphs.

55. Claremont has an obligation to contribute to the indemnity settlement of San Diego Mirror & Window on an equitable basis in the Underlying Actions under the Policy.

56. Plaintiffs incurred amounts in indemnity payments to settle the claims against San Diego Mirror & Window in the Underlying Actions in excess of its equitable share.

57. In contrast, Claremont has failed to contribute its fair and equitable share toward the settlement of the claims against San Diego Mirror & Window in the Underlying Actions, and in fact has paid nothing toward indemnification of San Diego Mirror & Window in the Underlying Actions.

58. Claremont is obligated, under principles of equity, to reimburse Plaintiff for the indemnity payment that Plaintiff has inequitably incurred in settling the claims against San Diego Mirror & Window in the Underlying Actions.

WHEREFORE, Plaintiff prays for judgment against Defendant as hereinafter set forth.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. On the First and Third Causes of Action for Declaratory Relief, for a declaration and determination that Defendant owes a duty under it policy identified herein to defend and indemnify San Diego Mirror & Window in the Underlying Actions;

2. On the Second and Fourth Causes of Action for Equitable Contribution, for an award of monetary damages;

3. For an award of costs of suit herein;

4. For pre- and post-judgment interest; and

5. For all other relief the Court deems just and proper.

DATED: October 28, 2010                    MORALES FIERRO & REEVES

By: ___s/Sheila A. Reid___
RAMIRO MORALES
SHEILA A. REID
Attorneys for Plaintiff
Zurich American Insurance Company

# EXHIBIT A



# GEORGE HILLS COMPANY, INC.

*Claims and Risk Management Services*                                   *Established 1954*

3760 Kilroy Airport Way, Suite 360 • Long Beach, CA 90806 • (562) 366-8231 • (562) 508-4399 Fax

October 17, 2006

San Diego Mirror & Windows
2640 Vista Pacific Drive
Oceanside, CA 92054

Attn:  Jo Kay Martinez

RE:  **Abitbol vs. Davidson Builders, Inc., et al**
      San Diego County Superior Court - Case No. GIC857953
      Our Client          : Claremont Liability Insurance Company
      Claremont Insured  : San Diego Mirror & Windows
      Claremont Policy   : RM01-21565-00
      Policy Term       : May 9, 2002 to May 9, 2003
      Our File No.      : 16-95751

Dear Insured:

George Hills Company, Inc is the Third Party Claims Administrator for Claremont Liability Insurance Company ("Claremont"). The Above captioned matter has been referred to the undersigned for further handling. Please be advised that we have received a tender of defense under Claremont policy number RM01-21565-00 issued to San Diego Mirror & Windows for the case entitled **Abitbol vs. Davidson Builders, Inc., et al.**

We are advised that this matter involves 1 single family homes in the Meadows development located in San Diego, California. It is alleged that real property has been damaged because of defects in the construction of the residences. The plaintiff, **Abitbol vs. Davidson Builders, Inc., et al,** filed a Compliant on December 7, 2005. The cross-complaint was filed on behalf of Davidson Builders on February 9, 2006 name among others San Diego Mirror as a defendant.

George Hills Company on behalf of Claremont Liability Insurance Company hereby acknowledges the tender of the **Abitbol vs. Davidson Builders, Inc., et al** case that was filed in the San Diego Superior Court – Case number GIC 857953. Claremont Liability Insurance Company has agreed to participate in the defense of San Diego Mirror and share defense costs with Zurich Insurance. The defense is provided under policy RM01-21565-00 issued for the term of May 9, 2002 to May 9, 2003. Claremont has assigned this case to:



Fresno    Lakeport    Long Beach    Petaluma    Sacramento    San Bernardino    San Jose    Vallejo    Walnut Creek



www.georgehills.com                                               Adjuster License 2607498  P.I. License 16154

**Marshall & Jansen**
**501 West Broadway, Suite 1000**
**San Diego, CA 92101**
**619-235-1340**

## NOTIFICATION – COOPERATION REQUESTED

- It is imperative that we place on notice all of the other liability carriers that insured San Diego Mirror from the time you completed your work at the project to the present. The need to do so is based on current California Case Law of ***Montrose***. Your other liability carriers will understand this. You should also notify each and every insurance agent that assisted San Diego Mirror with placing insurance. In that regard, please provide the undersigned with a complete listing of all your liability carriers.

## REQUEST FOR DOCUMENTS – COOPERATION REQUESTED

In order to assist us in completing our investigation we ask that you provide the following information at your earliest opportunity:

1. A copy of each contract you entered into for work at the subject project.
2. The dates or approximate dates when the work began and ended.
3. Please provide the scope and description of work that was performed at the project by you.
4. We need the Notice of Completion or Certificate of Completion(s) for work performed at the project, phases and individual homes if the plaintiffs are individual homeowners.
5. If you received complaints about work or materials provided by you, please advise the date or approximate date(s) of the complaint(s), the nature of the claim or complaint(s) and how the matter was resolved.
6. Provide us with any other information that you have that may assist us in understanding the facts of this case with respect to any liability that may have arisen from work or materials supplied by you.
7. If there are other insurance carriers involved, please immediately notify the other carriers and provide us with this information.

## CONDITIONAL DEFENSE

As noted above, Claremont's agreement to provide for your defense is conditional and subject to all terms, conditions, limitations, endorsements and exclusions of Claremont policy RM01-21565-00 issued to San Diego Mirror for the policy term of May 9, 2002 to May 9, 2003. Accordingly, this letter will serve to inform you that we do not yet have sufficient information to determine whether coverage under policy RM01-21565-00 is applicable to this loss. As such, while we will agree to defend you in this matter we will continue with our investigation into all facts and circumstance surrounding this case in order to determine your rights, and our obligations under the policy. However, during

this investigation, we must respectfully advise you that we are reserving all of our rights under the terms, limitations, conditions, endorsements and exclusions contained within the policy.

We direct your attention to the insuring agreement, which reads in part as follows:

The Commercial General Liability coverage form CG0001 0798, which pertains to each policy, and states in part as follows:

**SECTION I-COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. **Insuring Agreement**

    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

    (1) The amount we will pay for damages is limited as described in Section III-Limits Of Insurance; and

    (2) Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverage A or B or medical expenses under Coverage C.

    No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments-Coverage A and B.

    b. This insurance applies to "bodily injury" and "property damage" only if:

    (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; and

   (2) The "bodily injury" or "property damage" occurs during the policy period.

\* \* \*

In addition, the Commercial General Liability Coverage Form contains the following exclusions, which may have applications to this case:

2. **Exclusions**

   This insurance does not apply to:

   \* \* \*

   k. **Damage To Your Product**
   "Property damage" to "your product" arising out of it or any part of it.

   l. **Damage To Your Work**
   "Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".

   This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

   m. **Damage To Impaired Property Or Property Not Physically Injured**
   "Property damage" to "impaired property" or property that has not been physically injured, arising out of:

   (1) A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

   (2) A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

   This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

   n. **Recall Of Products, Work Or Impaired Property**
   Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of:

   (1) "Your product";

        **(2)**    "Your work"; or

        **(3)**    "Impaired property";

if such product, work, or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

The definitions of the pertinent terms in these policies can be found under:

**SECTION V –DEFINITIONS**

\* \* \*

**8.**    "Impaired property" means tangible property, other than "your product" or "your work", that cannot be used or is less useful because:

    **a.**    It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or

    **b.**    You have failed to fulfill the terms of a contract or agreement;

    if such property can be restored to use by:

    **a.**    The repair, replacement, adjustment or removal of "your product" or "your work"; or

    **b.**    Your fulfilling the terms of the contract or agreement.

**13.**    "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

**16.**    "Products-completed operations hazard"

    **a.**    Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

        **(1)**    Products that are still in your physical possession; or

        **(2)**    Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:

            **(a)**    When all of the work called for in your contract has been completed.

   **(b)** When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.

   **(c)** When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

17. "Property damage" means:

  **a.** Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

  **b.** Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

18. "Suit" means a civil proceeding in which damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies are alleged. "Suit" includes:

  **a.** An arbitration proceeding in which such damages are claimed and to which the insured must submit or does submit with our consent; or

  **b.** Any other alternative dispute resolution proceeding in which such damages are claimed and to which the insured submits with our consent.

20. "Your product" means:

  **a.** Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

   **(1)** You;

   **(2)** Others trading under your name; or

   **(3)** A person or organization whose business or assets you have acquired; and

  **b.** Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.

"Your product" includes:

a. Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and

b. The providing of or failure to provide warnings or instructions.

21. "Your Work" means:

a. Work or operations performed by you or on your behalf; and

b. Materials, parts or equipment furnished in connection with such work or operations.

"Your Work" includes:

a. Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work"; and

b. The providing of or failure to provide warnings or instructions.

In addition to the above, your Claremont policy also contains the following endorsements which can preclude or limit coverage to San Diego Mirror. However, no final determination has been made, one way or the other, if any of the cited endorsements are applicable. We shall continue with our investigation. We provide you with the pertinent parts of the endorsements that are attached to your policy, which include but may not be limited to:

THIS ENDORSEMENT CHANGES THE POLICY PLEASE READ IT CAREFULLY.

**CG 0300 01 95        DEDUCTIBLE LIABILITY INSURANCE**
This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART
PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART

Schedule

| Coverage | Amount and Basis of Deductible | |
| --- | --- | --- |
| | Per Claim | or Per Occurrence |
| Bodily Injury liability | $ | |
| Or | | |
| Property damage liability | $ | |
| Or | | |
| Bodily Injury Liability and/or Property Damage Liability Combined | $5,000.00 | |

Page 8 of 11

\* \* \*

A. Our obligation under the Bodily Injury Liability and Property Damage Liability Coverages to pay damages on your behalf applies only to the amount of damages in excess of any deductible amounts stated in the Schedule above as applicable to such coverages.

B. You may select a deductible amount on either a per claim or a per "occurrence" basis. Your selected deductible applies to the coverage option and to the basis of the deductible indicated by the placement of the deductible amount in the Schedule above. The deductible amount stated in the Schedule above applies as follows:

    1. PER CLAIM BASIS, If the deductible amount indicated in the schedule above is on a per claim basis, that deductible applies as follows:

\* \* \*

        c. Under Bodily Injury Liability and/or Property Damage Liability Coverage Combined, to all damages sustained by any one person because of:
        (1) "Bodily injury",
        (2) "Property damage"; or
        (3) "Bodily Injury" and "property damage" combined

as the result of any one "occurrence".

**If damages are claimed for care, loss of services or death resulting at any time from "bodily injury", a separate deductible amount will be applied to each person making a claim for such damages.**

With respect to "property damage", a person includes an organization.

❖ ❖ ❖ ❖ ❖ ❖ ❖

**ACP 017** herein known as: **Claim(s) In Progress Warranty Endorsement**, which states in pertinent part that:

**CLAIM(S) IN PROGRESS EXCLUSION**

This endorsement modifies insurance provided under the following:

COMMERICAL GENERAL LIABILITY COVERAGE PART

It is agreed that this insurance does not apply to, and the company shall have no duty to defend, any lawsuit or other claim against any insured:

1. If such lawsuit or other claim first became known or should have been known to any insured prior to this effective date of this policy; or

2. If such lawsuit or other claim arises from "bodily injury", property damage" , "personal injury," advertising injury," "clean-up costs" or "environmental damage" that first became known or that should have been known to any insured prior to the effective date of this policy.

This exclusion applies irrespective of whether any damage may have been continuous or became progressively worse during the period of this policy.

This exclusion applies irrespective of whether or not the Insured's legal obligation to pay damage has been established as of the inception of this policy.



**CG 2134**           **Exclusion – Designated Work**

This endorsement modifies Insurance provided under the following:

COMMERICAL GENERAL LIABILITY COVERFAGE PART
PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART

SCHEDULE

**Description of Product(s):**

ALL PRODUCTS NOT INSTALLED BY INSURED

This insurance does not apply to "bodily injury" or "property damage" included in the "products completed operations hazard" and arising out of "your work" shown in the schedule.



**ACP010**           **Absolute Earth Movement Exclusion**

This endorsement modifies insurance provided under the following:

### Commercial General Liability Coverage Part

In consideration of the premium charged, it is hereby understood and agreed that there is no coverage under this policy:

> For any claim for "bodily injury," "property damage" or "personal injury" caused by, resulting from, attributable or contributed to, or aggravated by earth movement, whether combined with water or not, including but no limited to earthquake, landslides, subsidence, mudflow, sinkhole, erosion, or the sinking, rising, shifting, expanding, or contracting of earth or soil.

This exclusion applies regardless of the cause or causes of the earth movement and whether any other cause or causes of said "bodily injury," "property damage," or "personal injury" acted jointly, concurrently or in any sequence with said earth movement. This exclusion applies whether any other cause or causes, or the cause of the earth movement would otherwise be covered under this policy.

The policy **does not** provide indemnity protection for damage to "your work" or "your product" when such damage is caused by you, your work, your product, defects or deficiency, or your failure to meet the requirements of a contract. Exclusions (l) and (m) prohibit coverage for the costs of repair or replacement of "your work" or "your product". We reserve our rights to allocate between covered and non-covered damages, the payment of indemnity and/or expenses. We reserve the right to file a declaratory relief action to determine our respective duties and obligations under the policy.

Please take note that all other terms and conditions of the policy previously issued to you shall be applicable and unchanged unless otherwise noted by us. As such, we do not waive any of the terms nor conditions of the policy issued to you. Accordingly, Claremont continues to reserve its rights with regards to assertions and/or defenses under the terms, conditions, definitions, limitations, endorsements and exclusion of the policy issued to you by Claremont.

In the event that it is determined that some or all of the claims in this matter, including any current and subsequent cross-complaints, are not covered, we expressly reserve our right to allocate between covered and non-covered claims and any payment of settlements and judgments, and defense fees and costs, and to seek reimbursement from San Diego Mirror for any such payments, and defense fees and costs.

In the same manner, Claremont pursuant to the Claremont policy, reserves its rights to withdraw from your defense at any time. See _Buss v. The Superior Court of Los Angeles County_ _(Transamerica Insurance Company)_, 16 Cal. 4th 35, 65 Cal.Rptr.2d 366 (1997).

No payment by Claremont on behalf of the Claremont policy, of settlements or judgments or defense fees and costs shall constitute a waiver of our right to later seek allocation and reimbursement of such settlements or judgments and defense fees and costs on the grounds that there is not a duty to defend or indemnify all or a portion of the action. As such, we also reserve our right to seek a judicial declaration of our obligations under the policy.

We have attempted to fully inform you of all grounds of which we are currently aware that offer a potential for denial of coverage. If additional grounds for a potential denial of coverage come to light during any further investigation, and/or in the course of our handling and/or through the course of discovery in the lawsuit, we will notify you.

By continuing with the investigation, or by undertaking any other action which Claremont deems necessary, Claremont does not waive any defense to coverage that may exist to this claim under the policy or the law, whether asserted herein or not. Accordingly, we do not waive any defense to coverage not asserted herein, and may assert any such defense at any time.

You may have this claim reviewed by the California Department of Insurance to the extent you disagree with any or all of the positions Claremont has expressed. Your inquiry may be directed to the:

> California Department of Insurance
> Claims Service Bureau
> 300 So. Spring Street, 11th Floor
> Los Angeles, CA 90013
> (800) 927-4357 / (213) 897-8921

Please contact the undersigned with any questions or concerns you may have about this case. I can be reached at (562)366-8231.

Very truly yours,
GEORGE HILLS COMPANY, INC.

Teresa Brereton
Email: Teresa.brereton@georgehills.com
(562) 366-8231

Cc:   Gillian L. Gregory/Marshall & Jansen

※JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Zurich American Insurance Company

**DEFENDANTS**
Claremont Liability Insurance Company

**(b)** County of Residence of First Listed Plaintiff  Illinois (State)
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Morales Fierro & Reeves, 2300 Contra Costa Blvd., Ste. 310
Pleasant Hill, CA 94523  (925) 288-1776

Attorneys (If Known)
**'10CV2232 IEG  CAB**

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment |  |  | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract |  |  | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  |  |  | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land |  | ☐ 535 Death Penalty | **IMMIGRATION** |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  |  |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 446 Amer. w/Disabilities - Other | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions |  |  |
|  | ☐ 440 Other Civil Rights |  |  |  |  |

**V. ORIGIN** (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC Section 1332
Brief description of cause:
Declaratory Relief and Contribution

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE: 10/28/2010
SIGNATURE OF ATTORNEY OF RECORD: s/Shelia A. Reid

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____